WILLIAM LEADER *vs.* FRANK O'LOUGHLIN and others.

Androscoggin.    Opinion January 9, 1888.

*Will.    Residuary legatee.*

The last will of the testatrix contained the following clause: "I have but one son, John Russell, and I do not know whether he is alive or not, I have not heard from him for a long time, I give and bequeath and devise unto him the amount of money that stands in his name in the Bath Savings Institution at Bath, Maine." After making other bequests, and naming her brother as residuary legatee, the testatrix further says: " If I take the money that stands in the name of my son, John Russell, from the Bath Savings Institution and deposit it in the bank in my name, it is my will and desire that the amount, which is about six or seven hundred dollars, I can not remember the exact amount, shall be given my son, John Russell, if he should return at any time within ten years of my death, and it is my will that that amount shall be kept at interest for my said son, John Russell, that he may have it for his own forever, if he returns or is found anywhere alive within ten years after my decease." The money was kept at interest by the executor during the ten years. The son never returned, nor was he ever heard from. *Held:* That the money and accumulated interest belonged to the residuary legatee.

ON report.

The case is stated in the opinion.

*D. J. Callahan,* for the plaintiff.

*Frye, Cotton and White,* for the defendants.

FOSTER, J. The complainant, administrator *de bonis non* of the estate of Mary Russell, late of Lewiston, who died in October, 1873, brings this bill to obtain a proper construction of her will.

The only doubt arises in relation to the items wherein her only child is mentioned.

The first item is as follows : " I have but one son, John Russell, and I do not know whether he is alive or not. I have not heard from him for a long time. I give and bequeath and devise unto him the amount of money that stands in his name in the Bath Savings Institution at Bath, Maine."

Then follow other bequests to relatives, with a general residuary clause in which all the rest, residue and remainder of her property is bequeathed and devised to her brother, Frank O'Loughlin.

Item seven reads thus : "If I take the money that stands in the name of my son, John Russell, from the Bath Savings Institution and then deposit it in the bank in my name, it is my will and desire that that amount, which is about six or seven hundred dollars. I cannot remember the exact amount, shall be given my son, John Russell, if he should return at any time within ten years of my death, and it is my will that that amount shall be kept at interest for my said son, John Russell, that he may have it for his own forever if he returns or is found anywhere alive within ten years after my decease."

This son entered the army at the commencement of the war and nothing has ever been heard from him directly or indirectly since the spring of 1865, although every effort has been made, both before and since the death of the testatrix, to ascertain whether he is living or dead. Considering the length of time, the fact that he was a dutiful son and in the habit of frequent correspondence, and the efforts which have been put forth for many years to find him, there is no room at the present time to

question his death, even if there was at the time of making the will.   It may well be presumed.

What the intention of the testatrix was must be sought from an examination of the foregoing items when taken and examined in connection with each other.   That intention seems to have been to give the money named to her son if living.   She was uncertain whether he was living or not, as her language clearly indicates.   Moreover she had not seen him, she says, for a long time.

The last item, wherein the son is mentioned, while indicating a hope, still bears upon it the expression of uncertainty as to whether her son may be living, and appears to be in the nature of a conditional limitation of the first item, and provides that if she takes the money named from the Savings Institution and redeposits it in her own name, then it is her will that it should go to the son if he should return or be found alive at any time within ten years after her death.   She also directs that it may be left at interest for him if he can be found anywhere alive within that time.

She withdrew the money from the Savings Institution and deposited it in a bank in her own name.   If the son was dead at the time the will was made, the unqualified bequest under the first item, if considered alone, was inoperative, and the money would become a part of the residuum.   If considered in connection with the other item, the money having been drawn and deposited by her, and the administrator having held the amount for the ten years named, upon interest, and nothing ever having been heard of the son, his death may properly be presumed. This money, with the accumulated interest, would become a part of the residuary estate, and should go to the residuary legatee, Frank O'Loughlin.

The costs of this suit should be borne by the estate.

> *Bill sustained.   Costs of complainant to be paid out of the estate.   Decree in accordance with this opinion.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and HASKELL, JJ., concurred.